UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SALVINO J. AMAYA,

Plaintiff,

v.

McLANE and TIFFANY S. WOODS,

Defendants.

No. 2:26-cv-03328-DAD-SCR

ORDER

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and has submitted a declaration listing his income and expenses and averring an inability to pay the costs of this proceeding. The motion to proceed IFP (ECF No. 2) will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

## I. SCREENING

### A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. The Complaint

Plaintiff's complaint names two Defendants: 1) "McLane Manteca CA"[1]; and 2) Tiffany Woods, attorney. ECF No. 1 at 1-2. Plaintiff asserts federal question jurisdiction based on Title VII, 42 U.S.C. §§ 2000e et seq. *Id.* at 4. Plaintiff's "Statement of Claim" is lacking in detail – it merely lists dates October 2024 to January 8, 2025, and references a right to sue notice. *Id.* at 5. Plaintiff seeks monetary damages, including back pay, and references a "constructive discharge." *Id.* at 5-6.

Plaintiff has attached to the complaint a right to sue notice ("Notice") dated December 18, 2025. *Id.* at 7-9. The Notice provides no descriptive details concerning Plaintiff's claim. It states that it involves an employment claim, submitted on January 8, 2025, and that it was closed for "insufficient evidence." *Id.* at 7. The Notice further states: "This decision does not mean the alleged claims have no merit or that the respondent is following the law." *Id.*

C. Analysis

Plaintiff's complaint properly contains a jurisdictional statement and demand for relief as required by Rule 8, but Plaintiff's complaint does not comply with Rule 8 in that it fails to include a short and plain statement demonstrating that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The allegations are conclusory and fail to state a claim or to put Defendants adequately on notice of the claims against them. Plaintiff does not list any clearly delineated cause of action or claim. Plaintiff does not plead any factual content. It appears that McLane was Plaintiff's

---

[1] It appears from the Right to Sue notice attached to the complaint that Plaintiff intends to name McLane Company, Inc. ("McLane"), which is located in Manteca, California. *See* ECF No. 1 at 7-9.

employer, that he made a complaint to the California Civil Rights Department, and the Notice issued in December 2025. There is no description of the nature of the complaint. There is no description of an adverse action taken by McLane. There are no allegations against Defendant Woods.

A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Given the lack of factual content in the complaint, it is unclear exactly what claims Plaintiff is attempting to bring. If Plaintiff is attempting to assert a claim of retaliation under Title VII, he must allege factual content to show that he: 1) engaged in a protected activity; 2) his employer subjected him to an adverse action; and 3) a causal link exists between the protected activity and the adverse action. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). Plaintiff seeks damages for emotional distress. If Plaintiff intends to assert there was a hostile work environment, Plaintiff must allege factual content to show "a pattern of ongoing and persistent harassment severe enough to alter the conditions of employment." *Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 871 (9th Cir. 2001).

Plaintiff has not articulated what type of claims he is seeking to bring under Title VII. Plaintiff must bring the same or similar claims he brought before the agency, because "to establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim." *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002) (citation omitted). "Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Id.* at 1104 (citation omitted).

The Court finds Plaintiff's complaint fails to state a claim in that it does not set forth sufficient factual content to state a claim. Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Given the vagueness and brevity of the factual allegations, rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege facts supporting a cognizable cause of action.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b).

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). Also, the amended complaint must not refer to a prior pleading to make Plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to a prior pleading. Local Rule 220. This is because, generally, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in any amended complaint each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein. Plaintiff merely referencing Title VII and requesting monetary damages is not sufficient to state a claim. Plaintiff

must allege enough factual content in support of his claims to state a claim to relief that is plausible on its face.

III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's renewed motion to proceed in forma pauperis (ECF No. 5) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: November 2, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE